Gaston, J.
 

 John Jacob Shaul, formerly of Stokes County, by his last will, whereof he appointed the defendant, George F. Wilson, Executor, authorised and directed his Executor to make sale of the testator’s lands, and directed the proceeds of such sales to be equally divided between his five children, Rebecca, Samuel, Elizabeth, Jacob and Mary.— After the death of the testator, the Executor made sale of the lands as directed, on a credit of twelve months, and at such sale the defendant, Walraven, who had married the defendant, Mary, the youngest daughter of the testator, purchased two pieces, one of sixty, and the other of forty-eight acres, at the price of $ 1 21 cents per acre. The defendant, Walraven, thereupon gave bond and surety for the payment of the purchase money, and Wilson, the Executor, entered into an obligation to Walraven to convey the land on payment' being made therefor. About the time the bond became due, this bill was filed by the children of John Jacob Shaul, other than Mary, against Walraven and wife and Wilson, the Executor; and the object of it is to have the said Sale set aside upon the ground that, by collusion between Wilson' and Walraven, it was so conducted, as to enable the latter to buy the land at a grossly inadequate price, to the great injury of the plaintiff. It is not necessary to notice most of the specifications, in which the alleged fraud is charged to consist,’ as in regard to them there is an utter failure of proof. It is shewn, however, that the price at which the land was purchased was less than half its value — and that the widow of the testator had, previously to the sale, expressed her desire that the defendant Walraven might buy it cheap, as in that event he had promised to move to that place, at'which she wished to reside with her daughter. But it is also shewn that these declarations were known to her other children,
 
 *354
 
 that they were present at the sale, that one of them, the plaintiff, Samuel, joined Walraven as surety in the bond for the purchase money, that Spainhour, the husband of the plaintiff Rebecca, expressed his gratification, that Walraven had bought and bought so cheap, and that no dissatisfaction was expressed by any of the persons interested until adisagreement, which, months afterwards, arose on other subjects — so as to leave little or no doubt in our minds, but that the cause of the land selling so far below its value was the well understood desire of all interested, as a convenient arrangement, that the wishes of their mother in this respect might be gratified; and not any collusion between the defendants Wilson and Walraven. We think the bill ought to be dismissed and dismissed with costs.
 

 Per Curiam, Bill dismissed with costs.